# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEVIN MARSHALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-cv-00062-SEP |
| ARNOLD POLICE DEPARTMENT, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Kevin Marshall's motion for leave to commence this civil action without prepaying fees and costs. For the reasons set forth below, the Court has determined that Plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will direct Plaintiff to file an amended complaint according to the instructions set forth in this order.

### BACKGROUND

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After paying the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Plaintiff asserts that he has been denied a copy on three separate occasions. Doc. [5]. After reviewing the motion, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (courts should assess amount "that is reasonable, based on whatever information the court has about the prisoner's

finances" when prisoner cannot provide his certified inmate account statement). If Plaintiff is unable to pay the initial partial filing fee, he must submit documentation in support of that claim.

**LEGAL STANDARD ON INITIAL REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Whether a complaint states a plausible claim for relief is a context-specific inquiry that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (courts must accept complaint's factual allegations as true but not "any legal conclusion couched as a factual allegation").

The Court gives a *pro se* complaint the benefit of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that "if the essence of an allegation is discernible," the Court "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). But even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And courts are not required to interpret the procedural rules of ordinary litigation to excuse mistakes by *pro se* plaintiffs. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**THE COMPLAINT**

Plaintiff is a self-represented litigant incarcerated at the St. Louis County Justice Center in Clayton, Missouri. He brings this action pursuant to 42 U.S.C. § 1983 against the Arnold Police Department. Doc. [1] at 2.

The facts alleged in the Complaint are as follows: On August 13, 2020, Plaintiff had been arguing with his girlfriend. Doc. [1] at 3. She was staying at a hotel in Arnold, Missouri, and asked him to come to the hotel to talk. Plaintiff arrived at the hotel, sent a text to his girlfriend, and waited in his car for her to let him into the room. *Id.* As he waited, local police approached him, instructed him to exit the car, and handcuffed him. *Id.*

Plaintiff's memory of subsequent events is "a little fuzzy," but he claims he "was slammed on the hood of a vehicle and then face first to the ground." *Id.* He felt "knees dropped on [his] head, neck and back" and a taser held to his side.[1] *Id.* An ambulance arrived at some point, and an emergency medical technician "injected some drug in [him] several different times." *Id.* Plaintiff was taken to Mercy South hospital, "where [he] was stripped naked while drugged and in handcuffs." *Id.* When he awoke, he was in a psychiatric ward.

As a result of the incident, Plaintiff suffered injuries including mental distress, anxiety, shakes, shortness of breath, and he had an open head wound and scrapes on his elbows. Doc. [1] at 5. Plaintiff asks the Court to prosecute the officers involved for assault. *Id.* at 6. He also seeks $20 million in monetary damages for physical and mental anguish. *Id.*

## DISCUSSION

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that the Arnold Police Department violated his constitutional rights by assaulting him. Because Plaintiff is proceeding *in forma pauperis*, the Court reviews his case under 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's Complaint is subject to dismissal, but the Court will allow him an opportunity to file an amended complaint.

### A. Pleading Deficiencies

Plaintiff names the Arnold Police Department as the only defendant in this case. However, the Arnold Police Department is a department or subdivision of local government, not a distinctly suable entity. *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *see also Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cnty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming

---

[1] Plaintiff claims to have 19 minutes of video showing that the arrest involved six Arnold Police Department officers. Doc. [1] at 3.

3

dismissal of county jail and sheriff's department as parties because they are not suable entities). Because the Arnold Police Department is not a suable entity, Plaintiff's claim must be dismissed. The Court will give Plaintiff the opportunity to file an amended complaint, according to the instructions set forth below.

**B. Instructions for Filing the First Amended Complaint**

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). Plaintiff must put his case number on his amended complaint. If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, Plaintiff should clearly name each and every party he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"). Plaintiff must specify whether he intends to sue individual defendants in their official capacity, individual capacity, or both. The failure to sue an individual defendant in his or her individual capacity may result in the dismissal of that defendant. If there is not enough room in the caption, Plaintiff may add additional sheets of paper, but all defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety and should ensure that it is signed.

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting every claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. Each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant. It is important that Plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, Plaintiff must allege facts showing how *that particular defendant's* acts or omissions violated his constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.").

It appears that Plaintiff is attempting to assert an excessive force claim against Arnold Police Department officers. Doc. [1] at 6. It is not enough for Plaintiff to make general allegations against all defendants as a group. Rather, to state a claim against the individual

officers, Plaintiff must first identify them so they can be served. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (action may proceed against unknown party only if complaint makes "allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery"). Then Plaintiff needs to provide the role of each named defendant in this case, such that each specific defendant can know what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotation marks and citation omitted).

The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). For example, it is not sufficient for Plaintiff to state that he was "assaulted." Instead, he should present factual allegations that explain what happened to him that amounts to an assault.

Plaintiff is warned that filing of an amended complaint **completely replaces** the original complaint. Claims that are not alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). The Court will review Plaintiff's amended complaint under 28 U.S.C. § 1915. Failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If Plaintiff fails to file an amended complaint according to these instructions within **thirty (30) days**, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

**C. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. Doc. [3]. In civil cases, *pro se* litigants do not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers such factors as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting

5

testimony, and the ability of the *pro se* litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). After reviewing those factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has so far demonstrated that he can adequately present his claims to the Court, and at this preliminary stage, the Court cannot find that the case is especially legally or factually complex. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. [3]) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Plaintiff a copy of the Court's prisoner civil rights form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's failure to file an amended complaint within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, shall result in dismissal of this action without prejudice and without further notice.

**IT IS FINALLY ORDERED** that upon receipt of Plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 1st day of July, 2021.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE