UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN MARSHALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-cv-00062-SEP |
| ARNOLD POLICE DEPARTMENT, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff Kevin Marshall's Motion for Leave to Proceed *In Forma Pauperis*, Doc. 16, and Motion to Appoint Counsel, Doc. 17. The Court has also reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Amended Complaint is subject to dismissal, but Plaintiff may file a second amended complaint according to the instructions set forth in this Order; the Motion to Appoint Counsel is denied; and the Motion for Leave to Proceed *In Forma Pauperis* is denied as moot.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which alleges more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a *pro se* complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Liberal construction" means that if the essence of an allegation is discernible, the district court should construe it in a

way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). But even *pro se* litigants are required to allege facts that, taken as true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). And they are not excused from compliance with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## BACKGROUND

Plaintiff is a self-represented litigant who is currently incarcerated at the Jefferson County Detention Center in Hillsboro, Missouri. On January 13, 2021, he filed this 42 U.S.C. § 1983 action against the Arnold Police Department, alleging that excessive force was used against him during his arrest. Doc. 1.

Along with his Complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. Doc. 2. On July 1, 2021, the Court granted that motion and assessed an initial partial filing fee. Doc. 11. Because Plaintiff was proceeding *in forma pauperis*, the Court screened his Complaint under 28 U.S.C. § 1915 and determined that it was subject to dismissal, because the only defendant Plaintiff had named was the Arnold Police Department, which is not a juridical entity subject to suit. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such").

Rather than dismissing outright, the Court gave Plaintiff 30 days to file an amended complaint. He was provided instructions in the Order on how to properly amend, including the requirements that he identify the officers he was accusing and present specific allegations against each of those persons. The Court also sent Plaintiff a copy of the Court's prisoner civil rights complaint form. Shortly after the Court's Order was sent to Plaintiff, his mail was returned as undeliverable. Doc. 12. On September 22, 2021, the Court received a notice of change of address. Doc. 13. On September 23, 2021, the Court directed Plaintiff to file the previously-ordered amended complaint in accordance with the instructions set forth in the Court's July 1, 2021, Order. Doc. 14. He was again given 30 days to comply.

On November 22, 2021, Plaintiff submitted his Amended Complaint, as well as Motions for Leave to Proceed *In Forma Pauperis* and for Appointment of Counsel. Docs. 15, 16, 17.

2

## THE AMENDED COMPLAINT

Plaintiff's Amended Complaint is on a Court-provided 42 U.S.C. § 1983 form. Plaintiff's handwritten case caption identifies the defendants as, "Officer Who Wrote Me Ticket on August 13th 2019 and All Other Arnold Police Officers Involved," Doc. 15 at 1.  But Plaintiff names only a single defendant as a party to the case: "[Issuing] Officer of Trespassing Ticket of August 13th 2019." Doc. 15 at 2.[1]  The unnamed officer is sued in both his official and individual capacities.

On August 13, 2019, Plaintiff went to the Woodsprings Motel in Arnold, Missouri, to see his girlfriend.[2]  Doc. 15 at 3.  While he was waiting for his girlfriend to let him in, members of the Arnold Police Department "pulled up and ordered [him] out of [his] car."  Plaintiff was placed into handcuffs for allegedly trespassing and then "slammed to the ground by" two Arnold police officers.  Approximately six officers "began dropping knees in [his] back" and "rubbing [his] face in [the] pavement."  Doc. 15 at 3-4.  "One officer put a taser in [his] side."  Doc. 15 at 4.  At some point, the officers called an ambulance, and upon arrival, an emergency medical technician "injected some drug in [him] several times and then transported [him] to Mercy South Hospital where [he] was stripped naked in handcuffs against [his] will."  Hours later, he woke up in the psychiatric ward.  Plaintiff suffered road rash on his face, elbows, and knees, and has been having "P.T.S.D., shakes, anxiety attacks and [panic] attacks."  As relief, he seeks $20 million in damages, and for the officers involved to be "fired and prosecuted."  Doc. 15 at 5.

## DISCUSSION

The Amended Complaint brings claims under 42 U.S.C. § 1983 for excessive force against at least six unidentified members of the Arnold Police Department.  Because Plaintiff is proceeding *in forma pauperis*, the Court reviews the Amended Complaint under 28 U.S.C. § 1915.  For the reasons set forth below, the Amended Complaint is again subject to dismissal, but Plaintiff will have an opportunity to cure the deficiencies with a second amended complaint.

---

[1] Plaintiff's original Complaint stated that the incident occurred on August 13, 2020.  In the Amended Complaint, he alleges that it occurred on August 13, 2019.

[2] For the purpose of this Motion, the Court assumes that the factual allegations in the Amended Complaint are true.  *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

3

### A. Deficiencies in Amended Complaint

Plaintiff's Amended Complaint is deficient for three reasons. First, it fails to allege a claim against the City of Arnold. A claim against an individual in his official capacity is actually a claim "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). A "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Defendants in this case are all employed by the City of Arnold. Thus, any claims against them in their official capacities are claims against the City of Arnold. To assert a § 1983 claim against a municipality, a plaintiff has to allege that the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Plaintiff has not so alleged, and so he fails to state a claim against the City.

The second deficiency in the Amended Complaint is that it does not sufficiently allege that the officers acted unreasonably. *See Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015) (whether force is excessive under the Fourth Amendment requires a determination of whether or not law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation"). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018). The Amended Complaint provides no support for the proposition that the police officers acted unreasonably in light of the situation. For example, Plaintiff does not allege that he was compliant with law enforcement, or that he did not resist arrest. To the contrary, he admits that he had to be sedated by an emergency medical technician and taken to a psychiatric ward. Counter to the Court's instruction, Plaintiff has again failed to provide context for the incident that might support an inference that the officers acted unreasonably.

Third and finally, the Amended Complaint is deficient in that it does not sufficiently identify the officers involved so that they can be served. *See Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (an action may proceed against an unknown party only if the complaint makes "allegations specific enough to permit the identity of the party to be

4

ascertained after reasonable discovery"). Despite being instructed to do so, Plaintiff has made no effort in the Amended Complaint to identify the officers in any way. He also fails to identify which of the officers' actions allegedly violated his constitutional rights.

Because Plaintiff is a self-represented litigant, he will be given the chance to file a second amended complaint, according to the instructions set forth below. Plaintiff is admonished to read the instructions carefully, as failure to follow them will result in the dismissal of this action.

### B.  Amendment Instructions

Plaintiff should type or neatly print his second amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the second amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, Plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper; however, all defendants must be clearly listed. Plaintiff must complete the form in its entirety and sign it.

In the "Statement of Claim" section, Plaintiff must provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

As previously noted, Plaintiff apparently seeks to bring an excessive force claim against officers of the Arnold Police Department. So far, no officer has been named or otherwise described, and Plaintiff has already changed the date that the incident occurred once, making it unclear as to whether the incident occurred in 2019 or 2020. **To state a claim against individual officers, Plaintiff must first identify each of them, so that they can be served**. *See Estate of Rosenberg by Rosenberg*, 56 F.3d at 37 (explaining that an action may proceed against an unknown party only if the complaint makes "allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery"). Plaintiff must provide either names, badge numbers, or some other information that identifies the police officers he wants to sue.

**Once a defendant has been identified, Plaintiff must present specific allegations against that person**. To do so, Plaintiff should begin by writing the defendant's name, even if

5

that name is fictitious, such as John or Jane Doe. In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant. For each defendant, Plaintiff must allege facts demonstrating the personal responsibility of that individual. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (§ 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Liability in a 42 U.S.C. § 1983 case is personal, and Plaintiff must allege the responsibility of each individual defendant.

The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). For example, it is **not** sufficient for Plaintiff to state: "I was assaulted." Instead, he should present factual allegations that describe what happened to him during what he believes was an assault. Moreover, Plaintiff must provide facts that establish that the officers' use of force was unreasonable—that is, that their actions were excessive under the circumstances.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant. If Plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, Plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. **It is not enough to make general allegations against all the defendants as a group**.

Plaintiff is warned that the filing of a second amended complaint **completely replaces** both earlier complaints. In other words, claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. **Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant**. If Plaintiff fails to file a second amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions

set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

### C.  Motion for Leave to Proceed *in Forma Pauperis*

Along with his Amended Complaint, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis.  Doc. 16.  The Court has already granted such leave and has assessed an initial partial filing fee, which Plaintiff must submit.  Therefore, the Motion is denied as moot.

### D.  Motion for Appointment of Counsel

Plaintiff also filed a second Motion for Appointment of Counsel.  Doc. 17.  In civil cases, a *pro se* litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time, most notably because Plaintiff has not shown that his claim is non-frivolous.  Plaintiff's Amended Complaint is deficient and subject to dismissal, and he is being directed to file a second amended complaint.  The Court will consider future motions for appointment of counsel, if appropriate.

#### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file a second amended complaint on the Court-provided form within **thirty (30) days** of the date of this Order in accordance with the instructions set forth above.  If Plaintiff fails to file a second amended complaint within **thirty (30) days** in accordance with the instructions set forth above, the Court shall dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. 17, is **DENIED**.

7

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, Doc. 16, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the previously-assessed initial partial filing fee of $1.00 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Plaintiff a copy of the Court's prisoner civil rights form.

Dated this 23rd day of February, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE