**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00062-SEP |
| | ) | |
| ARNOLD POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff Kevin Marshall's Second Amended Complaint, which the Court reviews pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the case is dismissed without prejudice.

### FACTS AND BACKGROUND

On January 13, 2021, Plaintiff, who is currently incarcerated at the Jefferson County Detention Center in Hillsboro, Missouri, filed a civil action pursuant to 42 U.S.C. § 1983, naming the Arnold Police Department as the sole defendant. Doc. 1. The Complaint concerned the alleged excessive force used against him during his arrest. Because Plaintiff was proceeding *in forma pauperis*, the Court screened the Complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that it was subject to dismissal. Rather than dismiss the Complaint outright, the Court gave Plaintiff an opportunity to file an amended complaint and provided instructions on how to properly amend.

On November 22, 2021, Plaintiff submitted an amended complaint, along with a motion for leave to proceed *in forma pauperis* and a motion for appointment of counsel. Docs. 15, 16, 17. As before, the Court reviewed the Amended Complaint under 28 U.S.C. § 1915. Doc. 18. Based on that review, the Court determined that the Amended Complaint was deficient for three reasons. First, regarding the official-capacity claims, Plaintiff had not stated a claim against the City of Arnold, Defendants' employer. Second, the Court noted that Plaintiff had not sufficiently alleged that the arresting officers acted unreasonably, as there were no allegations that he complied with orders and acquiesced to

arrest. Third, the Court explained that Plaintiff had not made any attempt to identify the officers involved to allow them to be served. Instead of dismissing the case, the Court again provided Plaintiff the opportunity to amend his complaint.

Plaintiff filed his Second Amended Complaint (SAC) on March 22, 2022, on a Court-provided 42 U.S.C. § 1983 form. Doc. 19. As in his previous pleadings, the SAC again names as Defendants the "Officer Who Wrote Me Trespassing Ticket" and "All Other Arnold Police Officers on [Scene]." Doc. 19 at 2-3. With regard to the Ticketing Officer, Plaintiff has seemingly scratched out the checkmark indicating that that officer is sued in an individual capacity and has clearly marked the box for official capacity. Doc. 19 at 2. Plaintiff sues the other Officer Defendants only in their official capacities. Doc. 19 at 3.

In the "Statement of Claim," Plaintiff alleges that he went to the Woodsprings Hotel in Arnold, Missouri on August 13, 2019, and while he was sitting in his car texting his girlfriend, "an unnamed Arnold cop pulled up [and] ordered [him] out of [his] car and put [him] in handcuffs."[1] *Id.* Plaintiff states that "[i]t gets a little [fuzzy] after that," *id.* at 3-4, but does allege that he "was slammed on the head and to the ground." *Id.* at 4. He further alleges that as he lay face down on the ground, more officers arrived and "began dropping knees in [his] back [and] head," and one officer "rubbed [his] face in the pavement[,] causing scrapes on both sides of [his] face," while "another unnamed officer put his taser in [Plaintiff's] side and began tasing [him]." Doc. 19 at 4. As that occurred, Plaintiff states that six to eight officers "stood by laughing." *Id.*

According to Plaintiff, the "assault went on for over 19 minutes." *Id.* Eventually, "an ambulance arrived," and Plaintiff was "injected . . . with some drug 3 [separate] times," apparently to sedate him. *Id.* Plaintiff was taken to Mercy South Hospital and "turned over to the psych ward where [he] spent 3 days" before being released. He further claims that he has "the entire assault on video." *Id.*

As a result of the incident, Plaintiff states he suffered cuts on his forehead, "road rash to both cheeks," and bruises on his back and sides. *Id.* He also claims to have PTSD "from the assault." Plaintiff seeks $20 million in damages. Doc. 19 at 5.

---

[1] This and the following facts are taken from the SAC and accepted as true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw upon judicial experience and common sense."  *Id*. at 679.  The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Liberal construction . . .  mean[s] that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even *pro se* complaints are required to allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). The Court need not assume facts that are not alleged, *Stone*, 364 F.3d at 914-15; nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel, *see McNeil v. United States,* 508 U.S. 106, 113 (1993).

## DISCUSSION

### I. **Official-Capacity Claims**

Plaintiff brings suit against all Defendants in their official capacities. In an official-capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). A "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"). Here, Defendants are all alleged to be police officers for the City of Arnold. As such, the official-capacity claims against them are actually claims against the City of Arnold.

To establish § 1983 liability against a municipality, "a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the government entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009); *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). To establish § 1983 liability against a municipality, the "plaintiff must show that a constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Aldridge v. City of St. Louis*, 2019 WL 1695982, at * 9 (E.D. Mo. Apr. 17, 2019) (citing *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018)).

### A. Official Policy

"Court[s] do[ ] not use the terms 'policy' and 'custom' interchangeably when conducting a *Monell* analysis." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). "[A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler*, 165 F.3d at 1204 (citing *Ware v. Jackson Cnty.*, 150 F.3d 873, 880 (8th Cir. 1998)).

Plaintiff does not identify any official City policy that could have caused him to be injured by the Defendants' alleged conduct. The Court must therefore turn to whether Plaintiff has established the existence of an unofficial custom.

4

### B. Unofficial Custom

To state a viable § 1983 claim against the City based on an unconstitutional custom, the plaintiff must allege facts that show:

(1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

(2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

(3) The plaintiff's injury by acts pursuant to the governmental entity's custom, i.e., proof that the custom was the moving force behind the constitutional violation.

*Ware*, 150 F.3d at 880 (quoting *Jane Doe A v. Special Sch. Dist.*, 901 F.2d 642, 646 (8th Cir. 1990)).

Plaintiff has not established the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" City employees, much less that policymaking officials were deliberately indifferent to or tacitly authorized such misconduct. *Id.* Rather than a "persistent pattern," the SAC alleges only the incident involving Plaintiff. A single incident does not constitute a pattern. *Brewington*, 902 F.3d at 801 (holding that two or three instances a year apart is not a custom).

### C. Failure to Train or Supervise

To state a claim for failure to train or supervise, Plaintiff must allege facts sufficient to show: (1) the City's training or supervision practices were inadequate; (2) the City was deliberately indifferent to the rights of others in adopting its training or supervision practices; (3) the City's failure to train or supervise was the result of deliberate and conscious choices that it made; and (4) the City's alleged training or supervision practices caused Plaintiff's constitutional deprivation. *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Ball-Bey v. Chandler*, 415 F. Supp. 3d 884, 900 (E.D. Mo. 2019) (quoting *Connick*, 563 U.S. at 60). "[P]laintiff must prove that the City 'had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.'" *Aldridge*, 2019 WL 1695982, *11 (quoting *Brewington v. Keener*, 902 F.3d 796, 803 (8th Cir. 2018)).

5

Plaintiff has not demonstrated that the City was deliberately indifferent to any widespread violations of its citizens' constitutional rights. He has not alleged a pattern of unconstitutional violations but rather concentrates on a single instance; nor has he alleged that the City was on notice of any such violations and deliberately failed to act in response.

Because Plaintiff has failed to allege facts demonstrating the existence of an official policy, an unofficial custom, or a failure to train, he fails to state a § 1983 claim against the City. His official-capacity claims against Defendants therefore must be dismissed.

## II.     **Individual-Capacity Claims**

On its face, the SAC sues Defendants only in their official capacities. To the extent that the SAC can be construed as asserting individual-capacity claims, however, Plaintiff fails to state a viable cause of action.

Individual liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). A plaintiff must allege facts connecting each defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, Plaintiff has named Ticketing Officer as a defendant, but Ticketing Officer is not mentioned in the "Statement of Claim," and there are no specific allegations made against him. Simply naming a person as a defendant is not sufficient to assert his or her responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (affirming dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (affirming dismissal of defendants who were listed in the complaint but not alleged to have been personally involved in the constitutional violations). Plaintiff has thus failed to demonstrate a causal connection between Ticketing Officer's actions or inactions and the alleged violation of Plaintiff's constitutional rights.

Plaintiff has likewise failed to establish a causal connection for the other Defendants—loosely identified as "All Other Arnold Police Officers on [Scene]." Plaintiff states that one officer tased him but provides no other facts to show that the use of the

6

taser was excessive under the circumstances:  He does not allege that he was compliant, that he was submitting to arrest, or that the officer had other, less forceful means to secure Plaintiff's cooperation.  The same analysis applies to the other unnamed Officer Defendants, as well.  Plaintiff does not provide any facts showing that the Officer Defendants' actions were unreasonable—that is, not proportional to the needs of the situation—under the circumstances in which they acted.

In the Court's previous order, it explicitly directed Plaintiff to connect each named defendant to a constitutional violation.  He has ignored that instruction.

Plaintiff has also made no attempt to identify any of the officers, despite the Court's two previous warnings to do so.  It is generally impermissible to name fictitious parties as defendants, *see Estate of Rosenberg by Rosenberg v. Crandell*, 56 F. 3d 35, 37 (8th Cir. 1995); *see also Phelps v. U.S. Fed. Gov't.*, 15 F.3d 735, 739 (8th Cir. 1994) (concluding that the "district court did not err by dismissing the 'unknown defendants' without prejudice"); however, dismissal is only proper "when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention." *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).  An action may proceed against an unknown party as long as the complaint makes "allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg*, 56 F.3d at 37.  Despite the Court's previous instruction to the contrary, Plaintiff refers to the officers only as an undifferentiated group.  There are no names, no badge numbers, and no physical descriptions.  Plaintiff fails to provide even the officers' most general characteristics such as their race or gender.

Finally, Plaintiff has failed to allege facts showing that the use of force was excessive under the circumstances, despite being previously advised of this requirement by the Court.  Whether force was excessive under the Fourth Amendment requires a determination of whether law enforcement officers' actions were "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015).  Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others,

7

and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018).

Again, despite the Court's previous instruction, Plaintiff has failed to establish the context in which the force against him occurred, leaving the Court to speculate as to whether it was excessive. Plaintiff does not state that he was complying with orders and submitting to arrest; nor does he provide any facts to support such a proposition. Instead, Plaintiff alleges that things got "a little [fuzzy]." Nevertheless, the facts he does provide lead to a contrary inference. Plaintiff acknowledges that an ambulance had to be called and that he apparently needed to be sedated—a task that required three separate injections—before being taken to a hospital's psychiatric ward. Those allegations support an inference that Plaintiff was not complying with the Officer Defendants' directives.

For the foregoing reasons, even if the SAC could be construed as suing Defendants in their individual capacities, Plaintiff has failed to state a cognizable claim against them.

## Conclusion

The Court previously determined that Plaintiff's Complaint and Amended Complaint were deficient and subject to dismissal. Rather than dismiss the action outright, the Court gave Plaintiff the opportunity to amend both pleadings and provided him with specific instructions on how to cure their deficiencies. Despite those opportunities, the SAC still fails to state a viable claim against any identifiable defendant. Therefore, this case will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of October, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

8